THE STATE v. HAZEN.

1. **Criminal law:** ADULTERY: TESTIMONY OF WIFE. Upon the trial under an indictment for adultery, the wife is a competent witness against the husband. (*State v. Bennett*, 31 Iowa, 24).

2. ———: ———: ———: PROOF OF MARRIAGE. The testimony of the wife is competent to establish the fact of marriage.

3. ———: ———: INSTRUCTION. The defendant suffers no prejudice by a neglect to instruct the jury that the action for adultery must be commenced upon the complaint of the wife, when such an instruction is not asked, and the evidence shows that the prosecution was thus commenced.

4. ———: TERM OF IMPRISONMENT. Where the defendant was proved to have been guilty of long continued adulterous intercourse with the twin sisters of his wife, sixteen years of age, a sentence of the extreme penalty of the law was *held* not to be excessive.

*Appeal from Polk District Court.*

FRIDAY, OCTOBER 23.

Two indictments were presented against the defendant, one charging him with adultery on divers days and times, between the first day of August, 1873, and the first day of March, 1874, with one Amanda P. Russell; the other charging him with the same crime, during the same period, with one Polly M. Russell. The defendant was convicted, and appeals. The same questions are involved in both cases.

*Bentley & Williams*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

DAY, J.—I. Upon the trial of the cause the wife of the defendant was admitted to prove the fact of his adultery. It

1. CRIMINAL LAW: adultery: testimony of wife.

is urged that the admission of her testimony was erroneous. In *State v. Bennett*, 31 Iowa, 24, this question was considered, and was determined adversely to appellant. We see no reason for reconsidering or departing from the views there expressed.

II. It is next urged that the court erred in admitting parol evidence of the marriage of the defendant. It is claimed that

2. ———: ———: proof of marriage.

record evidence of the marriage is alone admissible. The wife of defendant testified to the fact of her marriage to him. The testimony of a party present at the time of marriage is abundant evidence of the fact. *State v. Williams*, 20 Iowa, 98; 3 Wharton Am. Cr. Law, section 2632. It is claimed, however, that the wife, although a competent witness of the fact of adultery, is not competent to prove the marriage; that the marriage is no crime. The marriage does constitute an essential fact, without the exist-

ence of which the crime charged could not have been committed. The wife is as competent to prove this as any other fact in the case.

III. It is urged that the court erred in not instructing the jury that the action of adultery must be commenced upon complaint of the wife. The wife of the defendant testifies that she made the complaint upon which the prosecution was commenced, and there is nothing in the record contradicting this testimony. If the defendant desired to have this question specifically presented to the attention of the jury, he should have asked an instruction upon it. The defendant sustained no prejudice by a neglect to give this instruction, unless we may presume that the jury would have found the fact to be in direct opposition to the uncontradicted testimony.

*3 ____: ____: instruction.*

IV. It is urged that the sentence, which is for the longest period which the law prescribes, is excessive, and that the term of imprisonment should be shortened. The statute limits the punishment for the crime of adultery to imprisonment for three years. It certainly was contemplated by the law-makers that some cases of adultery would arise which would require this full penalty. The case at bar is such a one. The evidence shows that the defendant kept up a long continued adulterous intercourse with his wife's twin sisters, sixteen years of age. The writer hereof cannot suppress the feeling that the punishment inflicted is much too light, and can only regret that the provisions of the statute did not enable the court to punish the offense in a manner proportioned to its magnitude.