OF

## ·THE STATE OF IOWA,

AT

## DES MOINES, JANUARY TERM, A. D. 1893,

AND IN THE FORTY-SEVENTH YEAR OF THE STATE.

---

THE STATE OF IOWA, Appellee, v. THOMAS CHAMBERS,· Appellant.

1. **Criminal Law**: RIGHT TO CHALLENGE GRAND JURY. Where one charged with a crime upon preliminary examination before a magistrate is bound over to appear at a future term of the· district court, but that court is in session at the time, and the grand jury, on its own motion, investigates the case and finds an indictment, the accused has no right to object to the indictment on the ground that he had no opportunity to challenge the grand jury.

2. ———: WHEN WIFE MAY TESTIFY AGAINST HUSBAND: INCEST. Incest by a married man with his step-daughter is a crime against his wife in such sense as to make the latter a competent witness against him, in a prosecution for such offense, under section 3641 of the Code.

3. ———: INCEST: CONSENT OF WOMAN: CORROBORATION. It is not essential to the crime of incest, so far as it affects the guilt of the man, that the woman should consent to the unlawful connection, and thus become an accomplice; and the man may be convicted upon the testimony of the woman, without the corroboration required by section 4559 of the Code.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, JANUARY 17, 1893.

THE defendant was indicted, tried and convicted of the crime of incest with his step-daughter, Sarah D. Cowden. Judgment was entered against him on the verdict, from which judgment he appeals. The correctness of the appellee's amended and additional abstract being denied, and no transcript filed, the case must be considered upon the appellant's abstract alone. *Affirmed.*

*Charles W. Kepler,* for appellant.

*John Y. Stone,* Attorney General, for the State.

GIVEN, J.—I. The appellant was charged with the crime of incest, before a justice of the peace, and on April 6, 1891, he waived examination, and gave bond to appear and answer before the grand jury. The district court being then in session, the grand jury returned an indictment on April 11, 1891, against the defendant, charging him with the same act of incest. The appellant moved to quash the indictment for the reason that no opportunity was given him to challenge the grand jury, and because the grand jury had no right to take jurisdiction of the case. It does not appear from the record whether the defendant was held to answer at the term of court then in session, or at the next term; but as the magistrate was not required to make return to the

1. CRIMINAL law: right to challenge grand jury.

district court until "on or before its opening, on the first day of the next term thereof," we must presume that he was held to appear at the next term. We must also presume that the magistrate did not make his return to the term then in session. From this record we conclude that the grand jury did not act upon a return from the magistrate, but took up the case as though there had been no preliminary hearing. The fact that the appellant had been held to appear at a future term did not divest the grand jury of jurisdiction to examine the case upon its own motion. Having this jurisdiction, and having so examined the case, and returned the indictment, the appellant had no right to challenge the grand jury.

II.   Salina Chambers was called and sworn as a witness on behalf of the state, and, having testified 2. —: when wife that she was the wife of the defendant, may testify against hus-  "the defendant now objects to the compe-band: incest.  tency of this witness to testify in this case," which objection was overruled. The wife having testified to her marriage to the defendant, to improper conduct of his towards Sarah D. Cowden, and to what was said between the witness and the defendant at the time, the defendant moved to strike out all her testimony "because she is the wife of the defendant, and is incompetent to testify against him." This motion was overruled. It will be noticed that the objection and motion were solely upon the ground of incompetency of the witness, and the contention is that this is a criminal prosecution for a crime committed against the wife. Section 3636 of our Code provides as follows: "Every human being with sufficient capacity to understand the obligation of an oath is a competent witness in all cases, both civil and criminal, except as herein otherwise provided." The exception declared is found in section 3641, as follows: "Neither the husband nor wife shall, in any case, be a witness against

the other, except in a criminal proceeding for a crime committed by one against the other, or in a civil action or proceeding, one against the other; but they may, in all civil and criminal cases, be witnesses for each other."

In *State v. Bennett*, 31 Iowa, 24, a prosecution against the wife for adultery, it was held that the husband was a competent witness against his wife. See, also, *State v. Hazen*, 39 Iowa, 648. In *State v. Sloan*, 55 Iowa, 217, it was held that, on the trial of the husband for bigamy, his legal wife was a competent witness in behalf of the state. The court says: "In our opinion, if the defendant is guilty of bigamy, he committed a crime against his wife. We think she was a competent witness." See, also, *State v. Hughes*, 58 Iowa, 165.

In *People v. Quanstrom*, 53 N. W. Rep. 165, the supreme court of Michigan holds, under the Michigan statute, that "bigamy on the part of the husband is not such a personal wrong or injury to the wife as to allow her to testify against the husband." Section 7546 of that statute is as follows: "A husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, except in cases where the cause of action grows out of a personal wrong or injury done by one to the other." In *Bassett v. United States*, 137 U. S. 496, 11 Sup. Ct. Rep. 165, a prosecution for polygamy, it was held, under the Code of Criminal Procedure of Utah, that the offense charged was not such a wrong against the wife as to render her testimony admissible. The exception contained in that code is where the testimony is given with the consent of both, or "in cases of criminal violence upon one by the other." It will be noticed that the exceptions in these statutes apply to personal wrong or injury, while under ours they apply to "all criminal prosecu-

tion for a crime committed, one against the other."
There are many crimes other than against the person
which one may commit against another.

Compton v. State, 13 Tex. App. 271, is a case
identical with this. That was a charge of incest
against the husband with the daughter of his wife, and
the competency of the wife to testify was raised, under
a statute the same as ours. The court held that she
was not a competent witness against her husband, over-
ruling Morrill v. State, 5 Tex. App. 447; Roland v.
State, 9 Tex. App. 277. It is the fact of the marital
relation that makes the acts here charged constitute
the aggravated crime of incest. Were it not for this
relation, these acts would constitute a much less grave
offense. The crime charged is surely as much, if not
more, a crime against the wife of the accused than
would be the crime of adultery or bigamy. Following
former decisions of this court, we hold that this is a
prosecution for a crime committed by the defendant
against his wife, within the meaning of section 3641,
and that Mrs. Chambers was a competent witness for
the state.

Counsel for the appellant, in argument, called atten-
tion to section 3642 of the Code, providing that neither
husband nor wife can be examined in any case as to
any communication made by the one to the other while
married. The record fails to show that any objection
was made on the trial, based upon this statute. As
already stated, the objections were grounded solely
upon the claim that the witness was incompetent. It
does not appear from the record that the witness was
called upon to testify to any communication made to
her by her husband, within the meaning of the section
referred to. The rule of this section, in its spirit and
extent, is analogous to that which excludes confidential
communications. 1 Greenl. Ev., section 338. There
was no error in permitting Mrs. Chambers to testify,

nor in refusing to strike the testimony which she had given.

III.   The appellant asked the following instructions, which were refused, and of which refusal he complains:

"2. The crime of incest can only be committed by the mutual acts of the parties, and both parties are 3. ——: incest: equally guilty, under the facts pleaded in consent of woman: the indictment; and hence, in this case, corroboration. if you find from the evidence of the prosecutrix, Sarah D. Cowden, that she and the defendant had sexual intercourse, then, in law, she was an accessory and accomplice with the defendant to the crime charged in the indictment, and you can not convict on her testimony alone, but she must be corroborated by other witnesses, tending to connect the defendant with the crime charged."

"4. In order to constitute the crime of incest, the defendant and the prosecutrix, Sarah D. Cowden, must have mutually agreed to have, and did have, actual copulation; and unless the evidence satisfies you of this fact beyond a reasonable doubt, you should acquit the defendant."

Code, section 4559, is as follows: "A conviction can not be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense, or the circumstances thereof." The appellant contends "that both parties must mutually agree to have sexual intercourse, and have actual copulation, before the crime of incest is committed;" that, if consent on the part of the female is wanting, it is not incest, and if she consents she is an accomplice, and must be corroborated, as provided in section 4559.   In State v. Sanders, 30 Iowa, 582, the defendant was

charged with adultery, and the woman with whom it was charged he committed the crime testified that the act was committed by the defendant forcibly, and against her will. The defendant asked an instruction to the effect that such evidence was not sufficient to sustain the indictment; that it would prove a rape, but is not enough to convict for adultery. This court says: "In order to constitute the crime of adultery, the act must be willingly done. This condition is an essential ingredient in this as in all other crimes. But it is to be applied to the party who commits the offense, and not the one with whom or against whom it is done. The defendant's guilt does not depend upon the guilt or innocence of Elmyra Wyman. If, for certain reasons, she may not be guilty, it does not change the character of the act, so far as he is concerned. On his part, it was willingly done; and it is, therefore, within the definition the law gives of the offense. It may appear that the act was so far without the woman's consent as to amount to rape; yet, as to defendant, it was an unlawful carnal connection, and willingly done on his part, which, with the fact of marriage, constitutes the crime of adultery, and the defendant may be convicted therefor." The instruction was held to be properly refused. This was followed in *State v. Donovan*, 61 Iowa, 279. See, also, *Commonwealth v. Bakeman*, 131 Mass. 577. Guilt may exist, and is none the less enormous, because the act was without the consent of the female. To hold otherwise is to say that the crime of incest can not be committed with one who, from infancy or other cause, is incapable of consenting to the act. Sarah D. Cowden was but little over thirteen at the time this crime is charged to have been committed; and, although it does not appear that she resisted the approaches of her stepfather, it can hardly be said that she so consented as to become his accomplice in the commission

of the crime. *State v. Miller,* 65 Iowa, 60, is relied upon by the appellant. The question there determined was the sufficiency of the evidence. The question, whether, in such cases, each party is an accomplice to the other, so that section 4559 applies, was not before the court. We think the instructions were properly refused.

We find no errors in the record, and the judgment of the district court is, therefore, AFFIRMED.