STATE of Iowa, Appellee,

v.

William E. DAVIS, Appellant.

No. 54936.

Supreme Court of Iowa.

March 16, 1972.

John F. Bierman, III, Grinnell, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Richard J. Vogel, County Atty., for appellee.

PER CURAM:

Defendant appeals from sentence following guilty plea to charge of breaking and entering in violation of section 708.8, Code, 1971. We affirm.

At the time of the commission of the alleged offense, defendant was 17 years old. A petition alleging delinquency was originally filed in juvenile court. The cause was transferred for criminal prosecution pursuant to section 232.72, Code, 1971. Defendant was 18 when the county attorney's information was filed. Following a plea of guilty, defendant was sentenced to imprisonment in the Men's Reformatory for an indeterminate term not to exceed ten years. Defendant appeals contending the trial court abused its discretion in im-

posing overly severe sentence, particularly in view of defendant's age.

■ As we have frequently said, in determining proper sentence all pertinent matters, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of reform, should be considered. State v. Kendall, 167 N.W.2d 909, 911 (Iowa 1969); State v. Cupples, 260 Iowa 1192, 1197, 152 N.W.2d 277 (1967).

At the time of sentence the trial court examined a presentence investigation report and personally questioned defendant. Defendant had committed a number of previous offenses, was on parole from the Boy's Training School, Eldora, Iowa, when the charged offense occurred, and had a poor work record. The court's sentencing problem was not unlike that found in State v. Kulish, 260 Iowa 138, 145, 148 N.W.2d 428, 433 (1967).

■ Defense counsel refers to section 232.72, Code, 1971, wherein the sentencing court is specifically authorized to give special treatment to juveniles who have been transferred from juvenile court for prosecution under adult standards. The trial court did not use these powers and we believe rightfully so. The information at the court's disposal did not merit special action.

■ We have said trial courts have broad discretion in granting or withholding bench paroles. State v. Cole, 168 N.W.2d 37, 40 (Iowa 1969). Where the sentence imposed does not exceed the statutory maximum, this court will not interfere unless an abuse of the trial court's discretion is shown. State v. Evans, 189 N.W.2d 582 (Iowa 1971), and cases cited therein.

■ As required by section 793.18, Code, 1971, we have carefully considered the record including the presentence report. We conclude no abuse of trial court's discretion has been shown.

Affirmed.