STATE of Iowa, Appellee,

v.

George Rudolph DITTMAR, Appellant.

No. 58277.

Supreme Court of Iowa.

March 17, 1976.

David W. Leifker, Hughes & Leifker, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Robert J. Curnan, County Atty., Dubuque, for appellee.

REES, Justice.

Defendant was charged by county attorney's information with the crime of operating a motor vehicle upon a public highway while under the influence of an alcoholic beverage in violation of § 321.281, The Code. Following his plea of not guilty, he was tried to a jury and convicted. In the sentencing proceedings, defendant's counsel requested or suggested to the sentencing judge that a minimum fine of $300 be assessed against defendant, and the assistant county attorney present at the sentencing proceedings concurred in such request. The court declined to accept the recommendation and sentenced defendant to imprisonment in the county jail for a period of 90 days and ordered defendant's operator's license be suspended for a period of 120 days. Defendant appeals. We affirm.

Defendant states for review two issues upon which he relies for reversal:

1) That the trial court erred in failing to state its reasons for sentencing the defendant to 90 days in jail; and

2) That under the circumstances presented, trial court exceeded its sound discretion in sentencing the defendant to 90 days in jail.

I. We implicitly rejected defendant's first argument [namely, that trial court erred in failing to state its reasons for sentencing the defendant to a jail term] in *State v. Horton,* 231 N.W.2d 36, 39 (Iowa 1975). Although in *Horton* we noted that articulation by the sentencing court of the rationale undergirding a sentence would assist both the sentencing court and the appellate court on review, we nonetheless adhered to the rule that where a sentence imposed is within the statutory limit, we will not interfere unless the record discloses an abuse of discretion. See *State v. Banks,* 213 N.W.2d 483, 486 (Iowa 1973); *State v. Davis,* 195 N.W.2d 677, 678 (Iowa 1972).

In connection with this issue, defendant cites *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512, in which case the Wisconsin court adopted Standard 2.3(c) of the American Bar Association Standards Relating to Appellate Review of Sentences. We noted in *Horton, supra,* that although the Wisconsin court in *McCleary* stated the sentence it was considering appeared to be the product of an abuse of discretion, it nonetheless recognized its obligation on appellate review "to search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained." See 182 N.W.2d at 522.

More recently, in *State v. Peckenschneider,* 236 N.W.2d 344, 348 (Iowa 1975), we observed:

"In a long line of cases we have consistently said the determination of whether to sentence a defendant to jail or assess a fine rather than sentencing him to imprisonment in the penitentiary is addressed to the sound discretion of the trial court." (see citations).

While the matter before us involves an indictable misdemeanor, punishable by a fine or a jail term, our observations in *Peckenschneider* set out above are pertinent and applicable.

In light of our prior pronouncements, we must hold defendant's first issue stated for review is without merit.

II. In his second issue stated for review, defendant asserts trial court abused its discretion in imposing a sentence of 90 days confinement in the county jail. In support thereof, he points out the fact the county attorney's office concurred by way of recommendation in the request of defendant's counsel that defendant be sentenced to pay a fine of $300.

The only elements in this case from which it might be inferred the trial court abused its discretion are the fact that the sentencing court failed to follow the recommendation of the assistant county attorney for minimum punishment and the fact the court imposed a 90-day sentence in jail upon defendant.

It cannot be said that the failure of a sentencing court to follow the recommendation of a prosecuting attorney constitutes, *per se,* an abuse of discretion. The sentencing court was not bound by such recommendation. In *Brainard v. State,* 222 N.W.2d 711, 722 (Iowa 1974), a majority of this court suggested, *inter alia,* that a defendant who entered a plea of guilty be apprised of the fact the trial court was not bound by the recommendations of the prosecutor.

The imposition of a 90-day sentence in jail for the defendant here is not demonstrative of an abuse of discretion. Code § 321.281 under which the defendant was charged and convicted, authorizes a broad exercise of discretion on the part of a sentencing court, and provides that a first offense may be punished by a fine of not less than $300 nor more than $1000, or by imprisonment in the county jail for a period of not to exceed one year, or by both such fine and imprisonment.

III. The record indicates to us the sentencing court attempted to arrive at an individualized punishment based upon the record before it. While the entire transcript of the trial proceedings is not available to us here, since only the transcript of the sentencing proceedings was filed, there is reference in the record to the fact that at the time of defendant's arrest he was combative, profane and bellicose. In fact, in response to defendant's counsel's statement to the court at the sentencing proceedings that he and the county attorney's office had entered into "negotiations regarding this case and several others  *  *  *," and that the county attorney would recommend a minimum fine, the court said:

"May I interject here? I told the county attorney and city attorney that I had this case and I didn't want to be confounded with other cases that may come up here that might have something to do with this sentence, that I wanted to keep open-minded and impartial and free for this case."

This indicates to us the sentencing court was cognizant of all of the factors in the case and that he was thereby enabled to give individualized attention to the case in imposing sentence.

There was no indication of an abuse of discretion by the trial court and defendant's second issue stated for review is without merit.

We find no reversible error and affirm.

AFFIRMED.

MOORE, C. J., and LeGRAND, UHLENHOPP and HARRIS, JJ., concur.

MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ., dissent.

MASON, Justice (dissenting).

I agree with the court's statement in division II of its opinion dealing with the trial court's failure to follow the recommendation of the prosecuting attorney in imposing a sentence. However, I dissent for the reasons stated in the dissent in *State v. Peckenschneider,* 236 N.W.2d 344, 348–356 (Iowa 1975).

RAWLINGS, REYNOLDSON and McCORMICK, JJ., join in this dissent.