**STATE of Iowa, Appellee,**

v.

**Thomas Shawn SMITH, Appellant.**

**No. 58933.**

Supreme Court of Iowa.

July 30, 1976.

Bertroche, Barnes & Hagen, Indianola, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines,

and John W. Criswell, County Atty., Indianola, for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant appeals from judgment imposing sentence upon his plea of guilty to the crime of receiving and concealing stolen property having a value greater than $20 in violation of § 712.1, The Code, 1975. We find no error and affirm.

Defendant was initially charged by county attorney's information with the crime of burglary in violation of § 708.1, The Code, 1975. The information and minutes of testimony thereto attached reflect the allegations that defendant and one Thomas Allen Johnson broke into a residence in the town of Milo about 2 A.M. on July 10, 1975, and took therefrom several items including a clock-radio and some personalized checks. At his initial arraignment on July 31, defendant entered a plea of not guilty.

On October 14, defendant in open court requested permission of the court to withdraw his plea of not guilty and to enter a plea of guilty to a substituted and amended charge of receiving and concealing stolen property in violation of § 712.1, The Code, 1975. In open court on said date, the county attorney indicated that the defendant's plea of guilty to the amended or reduced charge was the result of plea negotiations and that it was understood the State would make no recommendation to the court regarding the sentence to be imposed if the court accepted defendant's guilty plea to the amended charge. The trial court did so accept the defendant's plea of guilty and ordered that a presentence investigation be conducted. On November 17, 1975, defendant was sentenced to serve a term of not to exceed five years at the Men's Reformatory, and in conjunction with the imposition of sentence, the court incorporated in the record its recommendation that defendant be examined and treated at the Iowa State Medical Facility for any psychiatric problems he might have.

Defendant urges this court to adopt the American Bar Association Standards of Appellate Review of Sentences and to abandon the present "abuse of discretion" rule. In the alternative, he contends the trial court abused its discretion in imposing the maximum statutorily authorized sentence for the crime charged and to which defendant had pleaded guilty.

■ I. Thrice in less than a year a majority of this court has declined requests of appellants to adopt the A.B.A. Standards of Appellate Review of Sentences. See *State v. Dittmar,* 239 N.W.2d 545, 546 (Iowa 1976); *State v. Peckenschneider,* 236 N.W.2d 344, 346–348 (Iowa 1975); *State v. Horton,* 231 N.W.2d 36, 39 (Iowa 1975). We continue to adhere to the views articulated in the cases cited and decline to adopt the standards for appellate review as requested by defendant.

II. Alternatively, defendant asserts trial court abused its discretion in sentencing him to a term of imprisonment of not to exceed five years. There are two thrusts to his attack on the sentence.

■ Primarily, he contends trial court should have asked him whether he had an understanding as to what the sentence would be and whether any "prediction" had been made to him concerning the sentence, and that the court should have told him it was not bound by any such understanding or prediction. Defendant relies on our decision in *Brainard v. State,* 222 N.W.2d 711, 722 (Iowa 1974).

That part of the *Brainard* opinion upon which defendant relies is, in effect, an outline or checklist recommended by a majority of this court as being helpful for use in receiving pleas of guilty. Nowhere in *Brainard* was it indicated that the failure of a trial court to advise a defendant in the particulars complained of by the defendant in this case would render invalid an otherwise adequate guilty plea. We did say in *Brainard* and in *State v. Sisco,* 169 N.W.2d 542, 545–548 (Iowa 1969), that a trial judge must establish of record that a defendant is aware of the possible maximum punish-

ment, any mandatory minimum punishment and any enhanced punishment for the offense charged. The record indicates this was established in the instant case and defendant does not contend otherwise.

The record also indicates the county attorney in the presence of defendant and his counsel informed the court of the existence of plea negotiations and of the resulting agreement by the State not to make a sentencing recommendation in the event defendant pleaded guilty to the amended and substituted charge. The record indicates trial court also asked defendant if any threats or inducements other than the previously mentioned arrangement had been made to defendant in order for him to conclude to enter the plea of guilty. Defendant responded in the negative.

In short, we find no error in trial court's failure to make inquiry of the defendant regarding his understandings or any predictions of the outcome which had been made to him.

In his second subargument on this issue, defendant contends trial court abused its discretion in sentencing him to an indeterminate term of imprisonment not to exceed five years. Defendant claims he should have been granted probation.

The determination whether to sentence a defendant to jail or the reformatory or to assess a fine rather than sentencing him to imprisonment is addressed to the sound discretion of the trial court. *State v. Dittmar, supra,* page 546 of 239 N.W.2d; *State v. Peckenschneider, supra.* The trial court is clothed with similar discretion on the question of probation. *Peckenschneider, supra.* Where the sentence imposed is within the statutory limit, we will not interfere unless the record discloses an abuse of discretion. *State v. Dittmar, supra; State v. Horton, supra.*

The record in this case discloses no such abuse of discretion.

Trial court indicated it undertook a full consideration and review of defendant's background and the presentence investigation report. The court recommended de-

fendant be examined for possible psychiatric problems and treated for any found to exist.

The presentence investigation disclosed defendant's unstable marital and vocational history, numerous episodes of antisocial behavior, extensive use of alcohol, a tendency to escape from problems and responsibilities and the real possibility of the existence of substantial psychiatric problems. Defendant's record, although it reveals no previous felony convictions, discloses other brushes with the law, both as a juvenile and as an adult. The presentence investigator concluded defendant's needs could best be met in a structured environment.

The sentence imposed was within the scope of trial court's discretion. We find no abuse of discretion and must affirm.

AFFIRMED.

MOORE, C. J., and LeGRAND, REES and UHLENHOPP, JJ., concur.

REYNOLDSON, J., dissents.

REYNOLDSON, Justice (dissenting).

I respectfully dissent from Division I of majority's opinion for reasons set out in the dissent in *State v. Peckenschneider,* 236 N.W.2d 344, 348–356 (Iowa 1975).