STATE of Iowa, Appellee,

v.

Helen Marie MORELAND, Appellant.

No. 59560.

Supreme Court of Iowa.

April 20, 1977.

Marvin L. Vannier, Perkins, Sacks & Hannan, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and Lyle A. Rodenburg, County Atty., Council Bluffs, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

REES, Justice.

Defendant was charged with the crime of forgery in violation of § 718.1, The Code, 1975. Following plea bargaining negotiations she entered a plea of guilty and was sentenced to imprisonment in the Women's Reformatory at Rockwell City for a period of ten years. The plea negotiation arrangement apparently resulted in the dismissal of several other forgery charges against the defendant. Defendant now appeals and we affirm.

Defendant was apparently involved with others in the commission of the crime with which she was charged. She went on a check-writing spree, starting in mid-July of 1975 and forged and uttered several checks, receiving money and merchandise therefor.

Defendant now urges us to review her sentence and to adopt the American Bar Association Standards of Appellate Review of Sentences. She also urges us to exercise our power to reduce the sentence and to order her placed on probation.

We have enunciated our position with respect to the adoption of the American Bar Association Standards of Appellate Review of Sentences in numerous cases, notably, *State v. Smith*, 244 N.W.2d 325 (Iowa 1976); *State v. Dittmar*, 239 N.W.2d 545, 546 (Iowa 1976); and *State v. Peckenschneider*, 236 N.W.2d 344, 346–348 (Iowa

1975). We continue to adhere to the views expressed in the cited cases and our holdings in such cases and again decline to adopt the American Bar Association Standards at the invitation of the defendant.

█ Defendant further urges us to reduce her sentence or to order her placed on probation. The sentencing of the defendant was within the discretion of the trial court and within the statutory limit, and we will accordingly not interfere, there being no showing in the record of any abuse of discretion on the part of the trial court. See *State v. Smith, supra* ; *State v. Dittmar, supra.*

█ The trial court in this case complied admirably with our suggestion in *State v. Horton,* 231 N.W.2d 36, 39 (Iowa 1975) that the rationale behind a sentence imposed be articulated to the defendant by the court. It is obvious from the record in this case trial court fully considered the defendant's background and the detailed presentence report which was available to the court. The concern of the trial court to meet the needs of the individual defendant is apparent in the record before us from the lengthy explanation of the imposed sentence to the defendant by the court.

The sentence imposed being within the sound discretion of the trial court, and there being no showing of abuse of discretion, we affirm.

AFFIRMED.

MOORE, C. J., and LeGRAND, J., concur.

RAWLINGS and REYNOLDSON, JJ., concur specially.

RAWLINGS, Justice (concurring specially).

I concur only in the result.

As aptly observed by the majority, trial court "complied admirably with our suggestion in *State v. Horton,* 231 N.W.2d 36, 39 (Iowa 1975) that the rationale behind a sentence imposed be articulated to the defendant by the court".

Therefore, it appears to me the majority overreaches in needlessly repudiating ABA

Standards Relating to Probation, Approved Draft 1970, § 1.3.

Furthermore, the majority superfluously strains to again disavow ABA Standards Relating to Sentencing Alternatives and Procedures, Approved Draft 1968, § 5.6. See also in 1977 Session of the 67th General Assembly, S.F. 289, by Committee on Judiciary, subsec. 3(d), at 28; "Adult Corrections in Iowa", Report to the 67th General Assembly by the Advisory Commission on Corrections Relief, at 126–128 (March 1977).

REYNOLDSON, J., joins in this special concurrence.