STATE of Iowa, Appellee,

v.

Ira Lee HUBBS, Appellant.

No. 60808.

Supreme Court of Iowa.

July 26, 1978.

Alfredo G. Parrish and Thomas E. McCurnin, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Thomas A. Evans, Jr., Asst. Atty. Gen., for appellee.

Considered by MOORE, C. J. and LeGRAND, REES, REYNOLDSON and MASON (serving after June 14, 1978, by special assignment), JJ.

LeGRAND, Justice.

A jury convicted the defendant of statutory rape in violation of § 698.1, The Code, 1975. The victim of this crime was his fourteen-year-old stepdaughter. The trial court sentenced defendant to serve a life term in the penitentiary and he appeals. We· affirm the conviction but modify the sentence.

We need not detail the circumstances of the crime. Although defendant persistently denied any misconduct with his stepdaughter, there was ample evidence from which the jury could find he did indeed have sexual intercourse with her on the date charged. Under such circumstances, we accept the jury verdict as a verity.

Defendant raises these four issues for our consideration:

1. Error in admitting opinion evidence without proper foundation.
2. Error in permitting defendant's wife to testify against him despite the provisions of § 622.7, The Code.
3. Error in failing to require the state to elect and prove a specific instance of rape.
4. Trial court abuse in sentencing defendant to life in prison.

I. Defendant's first issue is without merit. The question concerns the testimony of Ruth M. Wilson, the victim's grandmother. She testified she considered kissing on the lips between stepfather and stepdaughter to be improper. We believe this testimony should have been excluded because it is not a proper subject for expert testimony. We doubt that an adult jury requires the assistance of an "expert" to determine the proper sexual relationship between a parent and child or stepparent and stepchild.

However, no such objection was raised. Defendant resisted introduction of this evidence because it was "speculative" and because it called for "an opinion on the part of the witness." This general objection preserves nothing for review. *State v. Kramer*, 231 N.W.2d 874, 880 (Iowa 1975); *State v. Horton*, 231 N.W.2d 36, 38 (Iowa

1975); *State v. Wright*, 191 N.W.2d 638, 642 (Iowa 1971); *Hedges v. Conder*, 166 N.W.2d 844, 856 (Iowa 1969).

II. Defendant next claims that testimony from his wife should have been excluded under § 622.7, The Code, which provides in part:

"Neither the husband nor wife shall in any case be a witness against the other, except:

1. In a criminal prosecution for a crime committed one against the other."

We do not believe this statute should be given the narrow construction defendant would put upon it. Along with other courts, we have said this exception is not limited to crimes against the *person* of the spouse. *See Peters v. District Court*, 183 N.W.2d 209 (Iowa 1971).

Some courts have held a crime against the child of a spouse is a crime against the spouse. *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259, 263 (1965). We, too, have said the testimony of one spouse is admissible against the other in a number of instances where the crime was not one committed directly against the spouse. *State v. Shultz*, 177 Iowa 321, 327, 158 N.W. 539, 541 (1916) (incest); *State v. Chambers*, 87 Iowa 1, 4–5, 53 N.W. 1090–1091 (1893) (incest); *State v. Sloan*, 55 Iowa 217, 219–220, 7 N.W. 516, 517 (1880) (bigamy); *State v. Hazen*, 39 Iowa 648, 649–650 (1874) (adultery).

Factually, the closest we have come to the present case is *State v. Chambers*, 87 Iowa at 5, 53 N.W. at 1091. In holding a wife could testify against her husband who was accused of incest, we said:

"The crime charged is surely as much, if not more, a crime against the wife of the accused than would be the crime of adultery or bigamy. Following former decisions of this court [relating to adultery and bigamy], we hold that this is a prosecution for a crime committed by the defendant against his wife, within the meaning of § 3641 [now § 622.7] and that [the wife] was a competent witness for the state."

In *State v. Shultz*, 177 Iowa at 327, 158 N.W. at 541, we said:

"The basis of [defendant's] complaint is that his wife * * * was permitted to give evidence tending to support the charge that accused was guilty of incest. It suffices to say that the exact point has been ruled [on], and against the contention of the appellant. * * * The prohibition against the wife's testifying against the husband does not apply when the charge is incest. The foregoing cases hold that such case is within the statute exception, because incest is a crime committed against the wife."

This same rationale applies to the case at hand. As in incest, the gravamen of the offense in the present case is that the sexual offense was committed with the spouse's daughter. The fact that it was the defendant's stepdaughter, rather than his real daughter, does not change the character of the act as far as the mother is concerned. It is just as much an offense against her in one case as in the other.

We hold the evidence of defendant's wife was properly received. In view of this conclusion it is not necessary to decide whether this evidence was admissible under § 235A.8, The Code (dealing with child abuse), the basis upon which the trial court allowed her testimony.

III. Defendant next complains because the state was permitted to introduce evidence of prior sexual misconduct between the defendant and his stepdaughter. Defendant alleges the state should have been compelled to select a specific date upon which the alleged crime occurred and to either succeed or fail upon the basis of that election. We find no merit to defendant's complaint because the case was submitted on that very theory.

The instructions told the jury defendant must be found guilty beyond a reasonable doubt of having sexual intercourse with his stepdaughter "on or about July 7, 1976," the date charged in the information. Defendant argues that the jury was allowed to

consider other acts of alleged misconduct between him and his stepdaughter. However, the court gave a cautionary instruction that such evidence was to be considered only as bearing on his lewd and lascivious disposition.

The evidence of prior misconduct was admissible for that purpose. *See State v. Maestas*, 224 N.W.2d 248, 250–51 (Iowa 1974); *State v. Rankin*, 181 N.W.2d 169, 171 (Iowa 1970). The trial court was right in permitting this evidence to go in and in cautioning the jury concerning its limited purpose. We hold there was no error in the way this case was submitted to the jury.

■ IV. Defendant alleges that the trial court abused its discretion in sentencing defendant to a life term in prison. In connection therewith, he asserts he should be resentenced under the new criminal code, which became effective January 1, 1978.

This same issue was considered in *Cartee v. Brewer*, 265 N.W.2d 730 (Iowa 1978), and decided adversely to defendant's contention. We held there that § 801.5(3), The Code, Supplement 1977, does not apply to sentences imposed prior to January 1, 1978. Defendant therefore is not entitled to be resentenced under that statutory provision.

However, we believe the sentence here imposed constituted an abuse of discretion as alleged. Defendant argues the trial court should have stated its reasons for arriving at the result reached and that failure to do so was an abuse of discretion. This is another request that we adopt the ABA Standards, Appellate Review of Sentences, § 2.3 (Approved Draft 1968). We have refused to do so in a number of cases. *State v. Moreland*, 252 N.W.2d 465, 466 (Iowa 1977); *State v. Smith*, 244 N.W.2d 325, 326 (Iowa 1976); *State v. Peckenschneider*, 236 N.W.2d 344, 348 (Iowa 1975). Under these decisions, the court was not compelled to set out the reasons for the sentence. But *see* Rule 22(3)(d) *Iowa Rules of Criminal Procedure* (1978), which became effective January 1, 1978.

■ Nevertheless, we believe this sentence must be modified. Under our law (§ 793.18, The Code), we have power to examine the judgment of the court and, among other things, to reduce the penalty if we find it to be improper. We have exercised this authority very sparingly as pointed out in *State v. Peckenschneider*, 236 N.W.2d at 348. However, we believe the penalty of life imprisonment in the present case is clearly excessive.

The crime, of course, is a particularly abhorrent one. Yet, if defendant had committed the act with his own daughter, instead of his stepdaughter, he would have been subject to a maximum prison sentence of not more than twenty-five years, which was then the penalty for incest. *See* § 704.1, The Code, 1977. Certainly incest is at least as evil a crime as statutory rape. We point out, too, the provisions of the new criminal code relating to both incest and rape. Incest is designated as a Class D felony (§ 726.2) with a maximum penalty of ten years and rape as a Class C offense (§ 709.4) with a maximum penalty of five years. These provisions, of course, are not controlling in the present case, but we should give them some consideration as reflecting present legislative intent.

Although a life term was within the permissible range of sentencing for statutory rape under § 698.1 when this judgment was rendered, we do not believe it should stand. We have reviewed the entire record, including the pre-sentence report. We conclude a sentence of twenty-five years in the penitentiary at Ft. Madison is a fair one. We therefore modify the judgment entered by providing that defendant be imprisoned in the penitentiary at Ft. Madison for a term of twenty-five years rather than for the term of his natural life as ordered by the trial court.

With this modification, the judgment is affirmed.

MODIFIED AND AFFIRMED.