# IN THE COURT OF APPEALS OF IOWA

No. 13-1206
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BOBBY JOE MADSEN JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Daniel P.

Wilson, Judge.


        Defendant appeals his sentence, claiming the court abused its discretion.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, and Richard F. Scott, County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., Bower, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**BOWER, J.**

Bobby Joe Madsen Jr. appeals the judgment and sentence imposed following his guilty plea to sexual abuse in the third degree. He claims the district court abused its discretion in entering judgment and suspending his sentence while denying his request for a deferred judgment. Finding no abuse of discretion, we affirm.

**I. Background Facts and Proceedings**

In late December 2011 or early January 2012, nineteen-year-old Madsen was an invited guest in the home of fourteen-year-old T.G.'s father. After drinking with the father, Madsen became intoxicated. Madsen and T.G. went to T.G.'s bedroom. Madsen did not force himself on T.G., but he did engage in a sex act with her. Madsen claims he recognized his actions were wrong, stopped mid-act, and left the home.

The State charged Madsen with sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(c)(4) (2011). On January 29, 2013, Madsen entered a plea of guilty as charged. At the July 2, 2013 sentencing hearing, Madsen sought a deferred judgment. The State resisted Madsen's request and asked the court to follow the presentence investigation report's (PSI) recommendation for a suspended sentence and probation.

The court entered judgment and sentenced Madsen to a prison term not to exceed ten years. Following the PSI's recommendation, the court suspended the sentence, "conditioned on [Madsen's] future good behavior for a period of five (5) years and payment of all fines, surcharges, costs, and attorney fees," and placed

3

Madsen on probation. The court also ordered Madsen to abstain from the consumption, purchase, or possession of alcohol and controlled substances, to participate in substance-abuse counseling "as directed by his supervising officer," to not attempt to contact T.G. "without advance permission of his supervising officer," to "successfully complete" the sex-offender treatment program, and to register as a sex offender. Finally, under Iowa Code section 903B.1, the court imposed a special sentence: "[T]he defendant is committed to the custody of the Iowa Department of Corrections for life," to begin "upon completion of the sentence imposed above and it shall commence with the defendant under supervision as if on parole."

This appeal followed.

## II. Standard of Review

We review the sentencing decisions of the district court for errors at law. Iowa R. App. P. 6.907; *Hall v. Jennie Edmundson Mem'l Hosp.*, 812 N.W.2d 681, 684 (Iowa 2012).

## III. Discussion

A defendant's particular sentence is ordinarily within the trial court's discretion. *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005). It is the trial court's prerogative to impose the sentence it sees fit, and a sentence imposed "within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Abuse of discretion will not be found unless we determine the reasons for the district court's decision "were clearly untenable or unreasonable." *Id.* Because the district court's sentence

here is within the statutory limits, the question becomes whether the court's decision to impose judgment, as opposed to entering a deferred judgment, was "untenable or unreasonable." *Id.*

Specifically, the court stated, when informing Madsen of the sentencing decision, he was of the "hope" the sentence imposed would "continue to lead towards your rehabilitation while at the same time protecting the community from further offenses by you." Additionally, the court indicated it considered the PSI, Madsen's age, his employment status, his education, his family, and other psychosocial circumstances, along with the recommendations made by both attorneys and Madsen's statements to the court. The court explicitly stated it did not grant a deferred judgment due to the nature of the offense and Madsen's history of misdemeanor-level offenses.

Madsen relies on *State v. Hubbs* to support his claim this court may use our discretion to substitute a lighter sentence in place of the one imposed by the district court. 268 N.W.2d 188, 189 (Iowa 1978). However, *Hubbs* may be distinguished from Madsen's situation. Hubbs was convicted of sexual abuse of his step-daughter and sentenced to incarceration for life, a sentence for which the district court did not give a clear rationale. *Id.* On review, our supreme court ruled such a severe sentence was an abuse of the district court's discretion. *Id.* at 191. This was particularly true, the court stated, when it compared the crime at issue with other, arguably more-heinous, crimes and their accompanying lighter sentences. *Id.*

Although now convicted of a felony, Madsen is not incarcerated but will be required to register as a sex offender. The district court reasoned this was for the protection of society at large. Rehabilitation and protection of the community are to be the central focus in the court's determination to suspend or defer judgments. Iowa Code § 907.5 (2011). Finally, the *Hubbs* court stated its authority to substitute one sentence for another as a reviewing court is to be used "very sparingly" and only for sentences that are "clearly excessive." *Hubbs*, 268 N.W.2d at 191.

Here, the district court reasoned, because of the nature of the crime committed, and Madsen's criminal history, the requirement of probation for five years and registration as a sex offender, as well as the prohibition of alcohol, were necessary to facilitate rehabilitation and to protect the community. These are adequate reasons, stated on the record, for Madsen's sentence, and they are sufficient to allow for appellate review. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). "In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). In Madsen's case, the court based its decision on "all of the information set forth in the Presentence Investigation Report." The record does not reflect any objection from Madsen regarding any of the material contained in the PSI. The district court demonstrated leniency with respect to Madsen's sentence in that it decided to suspend judgment. Additional leniency is not required of the court. *State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976).

As a result Madsen has not demonstrated his suspended sentence is "untenable or unreasonable." *See Formaro*, 638 N.W.2d at 724. The court's sentencing decision was based on the record and was not an abuse of discretion. Accordingly, we affirm.

**AFFIRMED.**