# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0683
Filed April 15, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Ryan Dean DeRonde,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Ashley Stewart, Judge.

———————————

**AFFIRMED**

———————————

Eric Eshelman, Ankeny, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

Ryan DeRonde pled guilty to assault causing bodily injury—a serious misdemeanor under Iowa Code section 708.2(2) (2024)—after an altercation with his wife left her with a bruised arm and missing a clump of hair. The district court sentenced DeRonde to one year in jail. Despite the parties' request for a fully suspended term, the court left sixty days for DeRonde to serve. It also ordered him to complete the Iowa Domestic Abuse Program (IDAP). DeRonde appeals, challenging his sentence.[1] Our review is for correction of legal error. *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024).

DeRonde first argues that the court's sentence was motivated in part by his wife's victim impact statement, which alleged a pattern of uncharged abuse by DeRonde. The court explained at the hearing:

> I also had the opportunity to read the victim impact statement. . . . I do want to say, as it relates to the victim impact statement, I'm not considering anything that Mr. Deronde was not convicted of or has not admitted to. So anything outside of what happened in this case and what happened in [a prior domestic assault conviction], the Court is not really giving consideration to.

According to DeRonde, the words "not really" suggest the court might have given some amount of weight to his wife's allegations. But we do not engage in that kind of speculation when reviewing a sentence within statutory bounds. *See id.* at 619–20 (declining to infer the sentencing court considered unproven facts absent affirmative evidence to the contrary). Instead, we "take the district court at its word when it disclaims reliance on an improper

---

[1] We typically lack jurisdiction to resolve an appeal from a misdemeanor conviction on a guilty plea. Iowa Code § 814.6(1)(a)(3) (2025). But because DeRonde challenges elements of his sentence that depart from the parties' joint recommendation, we find good cause to address his claims. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

factor." *State v. Davis*, No. 24-0837, 2025 WL 2803725, at *3 (Iowa Ct. App. Oct. 1, 2025). A stray word or two is not enough to shake our trust that the court did what it said and disregarded the unproven conduct. *See id.* (acknowledging extemporaneous statements from the bench are often imprecise).

DeRonde next contends the district court lacked authority to order his participation in IDAP. Iowa law allows the court to impose this requirement when a defendant is convicted of an assault that constitutes "domestic abuse," which—as relevant here—means an assault "between persons who are in an intimate relationship." Iowa Code §§ 236.2(2)(e)(1), 708.2B(2). DeRonde says the district court lacked a factual basis to find his assault was domestic abuse because the written guilty plea did not mention DeRonde's marriage to the victim.[2] But the marriage was disclosed in the minutes of testimony, which DeRonde invited the court to "consider[] . . . in coming to [its] sentencing decision in this case." And the court was entitled to rely on that record in finding the statutory prerequisites fulfilled. *See State v. Manser*, 626 N.W.2d 872, 874–75 (Iowa Ct. App. 2001) (finding the court could infer an intimate relationship from the minutes of testimony and attached reports but vacating the domestic-abuse education requirement on other grounds).

That leaves us with DeRonde's claim that the district court abused its discretion by rejecting his request for a fully suspended sentence. He argues the parties' plea agreement was "fair and reasonable" and that several mitigating factors—including his longstanding employment, his acceptance

---

[2] DeRonde also asserts that the court erred by failing to "make any written finding" of an intimate relationship. But nothing in section 708.2B calls for a written finding, and DeRonde cites no authority suggesting such a requirement exists. So, we decline to consider that argument further.

of responsibility, and his performance on pretrial release—favored a more lenient sentence. Despite these facts, the court gave greater weight to the nature of the offense and DeRonde's criminal history:

> I will say I found the victim impact statement to be quite persuasive in what occurred that evening. I'm not sure that I believe what you're saying, Mr. Deronde, that it was just a hug and it, you know, lapsed into you two falling on top of each other. I'm not sure that that is accurate. . . .

> I also am concerned that this is a second domestic incident, though this is not charged as a domestic second offense . . . . [I]t doesn't feel as though you were learning a lesson from this behavior. It doesn't feel like even though you've gone through mental health and substance abuse evaluation, which I'm sure you did before as well, that you've learned anything from your behavior. So I am not inclined . . . to follow the plea agreement . . . .

DeRonde might disagree with how the district court balanced the relevant factors, but we are not at liberty to second-guess its judgment. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023) ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."). Whether to suspend any or all of DeRonde's jail sentence was for the court to decide. *See* Iowa Code §§ 901.5(3), 907.3. And it had no duty to impose the sentence recommended by the parties. *See State v. Dittmar*, 239 N.W.2d 545, 547 (Iowa 1976). Finding no abuse of discretion, we affirm DeRonde's sentence.

**AFFIRMED.**