STATE of Iowa, Appellee,

v.

Edward Charles NOONAN, Appellant.

No. 59418.

Supreme Court of Iowa.

Oct. 20, 1976.

Timothy G. Pearson, of Hyland & Laden, P.C., Des Moines, for appellant.

Richard C. Turner, Atty. Gen. and Jerrold B. Oliver, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

The question is whether the trial court abused its discretion in sentencing defendant to the men's reformatory rather than suspending sentence on the condition he be committed to the Fort Des Moines residential corrections facility. We find no abuse of discretion and affirm the trial court.

Edward Charles Noonan (defendant) pleaded guilty to the crime of robbery with aggravation [by aiding and abetting Robert William Hilding] in violation of § 711.2, The Code. The trial court denied defendant's application for suspended sentence and ordered him committed to 25 years in the men's reformatory. (Section 711.2 does not provide for indeterminate sentence or a county jail sentence, only the term of 25 years.)

Defendant thereafter brought this appeal. The State does not dispute defendant's assertion of factual background, believing the facts are unimportant. Of course the absence of a dispute over the facts does not necessarily establish them. The fundamental and undisputed facts are those outlined in the indictment to which defendant pleaded guilty. Without implying we must, we assume the truth of defendant's factual assertions in the instant case.

Defendant claims the incident occurred when he and Hilding were driving around the town of Winterset, Iowa, during the early morning hours of August 19, 1975. Defendant claims both were very intoxicated. The two made what defendant describes as "an on-the-spot decision" to rob a filling station. Defendant refused to enter the station with a shotgun but agreed to

remain as driver of the automobile. Hilding entered the station with a shotgun and returned to the car approximately two minutes later and defendant drove the car away. Defendant and Hilding were later questioned by the police and arrested.

Defendant argues sentences should be tailored to fit individual offenders, citing *Woosley v. U.S.*, 478 F.2d 139 (8 Cir. 1973). He quotes the trial court as saying "* * * the very fact that this was armed robbery with aggravation * * * gave the court no other alternative but to sentence the defendant to the men's reformatory." Defendant argues this statement indicates the trial court "mechanically" sentenced him. Defendant further cites various factors which he believes the trial court failed adequately to consider and which tend to show him a good candidate for suspended sentence: (1) He was 18, (2) he had no prior adult criminal record, (3) he was currently employed, (4) he had a good family relationship, (5) he was only a passive participant in the crime involved, (6) he had a serious alcohol problem for which he was currently under treatment, and (7) the incident was an on-the-spot decision which he claimed was brought about by alcohol abuse.

The State points out suspension of sentence is vested in the discretion of the trial court. In denying the trial court followed a "mechanical approach" the State contends the trial court followed the appropriate legislative and judicial guidelines in imposing sentence.

A presentence report was reviewed by the trial court before sentencing. The report included all factors specified by § 789A.1(2), The Code. Certain of these factors reflected unfavorably on defendant: (1) Prior juvenile offenses of breaking and entering, (2) another robbery with aggravation charge subsequent to the indictment in the present case, and (3) a severe drinking problem. The report made no recommendation as to sentence.

■■ I. Governing principles were outlined in *State v. Peckenschneider*, 236 N.W.2d 344, 346–347 (Iowa 1975). See also *State v. Cole*, 168 N.W.2d 37 (Iowa 1969).

The power to suspend sentence proceeds from § 789A.1(2), The Code. The word "may", contained in the section, is permissive. Granting of a suspended sentence is a matter of grace, favor of forbearance with broad discretion resting in the trial court. *Peckenschneider*, supra at 347. Because the sentence given defendant was within the statutory limit we will not interfere unless the record discloses an abuse of discretion. *State v. Dittmar*, 239 N.W.2d 545 (Iowa 1976); *state v. Harvey*, 236 N.W.2d 47 (Iowa 1975); *State v. Summers*, 219 N.W.2d 26 (Iowa 1974). The question then becomes whether the record shows the trial court abused its discretion in not suspending sentence.

Guidelines for testing claims of abuse of discretion are familiar and of long standing. They were reviewed in *State v. Warner*, 229 N.W.2d 776, 783 (Iowa 1975):

■ " ' * * * The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. * * * [citing authority]. Generally, abuse of discretion will be found only where there is no support for the decision in the hearing evidence. * * * [citing authorities].' *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972).

" ' * * * "[A]buse of discretion" means no discretion to do what was done.' *Wilkes v. Iowa State Highway Commission*, 186 N.W.2d 604, 607 (Iowa 1971).

" 'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * [citing authority].' *Wendel v. Swanberg*, 384 Mich. 468, 185 N.W.2d 348, 351." 229 N.W.2d at 783.

■ The judgment of the trial court certainly cannot be categorized as perversity

of will, defiance of judgment, or the exercise of passion or bias. The trial court did not abuse its discretion. Judgment of the trial court is

AFFIRMED.