**STATE of Iowa, Appellee,**

v.

**Steve J. GRGURICH, Appellant.**

No. 59608.

Supreme Court of Iowa.

May 25, 1977.

Gerald R. Ralph, Holmes, Ralph & Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and John W. Criswell, County Atty., for appellee.

MOORE, Chief Justice.

Defendant appeals from judgment imposed pursuant to Code section 204.410 for his accommodation sale of 2.6 grams of cocaine. He contends the trial court abused its discretion in sentencing him to a term of one year in the county jail with six months to be served on weekends and six months suspended rather than placing him on probation or deferring sentence under Code chapter 789A. He argues the trial court's remarks at the sentencing proceeding that the jury had given him a "break" at the accommodation trial were prejudicial and manifest an abuse of discretion necessitating reversal. We disagree and affirm.

In numerous recent cases we have adhered to the rule that so long as the sentence is within the statutory maximum we will not reverse absent an abuse of discretion. *State v. Noonan*, Iowa, 246 N.W.2d 236, 237; *State v. Smith*, Iowa, 244 N.W.2d 325, 327. Since the maximum sentence provided under section 204.410 is one year imprisonment in the county jail and a one thousand dollar fine, this rule is instantly applicable. While defendant had no prior record he had admittedly sold cocaine, a Schedule II Controlled Substance. He possessed an additional quantity of the drug at his college fraternity house. Thus the court was required to consider its duty to the public as well as to defendant before imposing sentence. *State v. Warner*, Iowa, 229 N.W.2d 776, 783. Although the presentence report suggested a deferred sentence was appropriate, such recommendation was not binding on the court. Additionally, in light of the fact the court suspended all but six months of the sentence, it is clear the report was properly considered. *State v. Townsend*, Iowa, 238 N.W.2d 351, 358; *State v. Waterman*, Iowa, 217 N.W.2d 621, 623.

We do not approve of the court's remarks prior to imposing sentence. However, we do not find them to be so prejudicial as to warrant remand when considered in the context of the offense charged and the sentence imposed. Cf. *State v. Nichols*, Iowa, 247 N.W.2d 249.

We conclude trial court properly exercised its discretion in imposing the innovative sentence herein utilized. See *State v. Rogers*, Iowa, 251 N.W.2d 239.

AFFIRMED.

All Justices concur except McCORMICK, J., who concurs specially.

REYNOLDSON and RAWLINGS, JJ., dissent.

McCORMICK, Justice (concurring specially).

While I agree with the principles of sentencing review espoused in the dissent, I am unable to say the trial court, in refusing to defer sentence, abused its discretion. It appears the court was motivated by a belief a more lenient disposition would unduly depreciate the seriousness of the offense. I concur in the result.

REYNOLDSON, Justice (dissenting).

I respectfully dissent because I believe trial court abused its discretion in imposing a jail sentence under the circumstances in this case.

It would be difficult to conceive a set of facts which would provide greater justification for a deferred sentence or probation.

The pre-sentence report was spotless. The record reflects defendant's parents are close-knit, law-abiding, stable and supportive. Defendant attended Chariton public school system through twelfth grade, graduating sixth out of approximately 143 students. His grades were at the "A" and "B" level, although he participated in baseball, football, basketball and track, and had part-time employment. He was a student council member and was elected to the National Honor Society.

At time of sentencing, defendant was within one semester of graduating from

Simpson College. His grade point average was approximately 3.0. He was a biology major, a Simpson Scholar and a member of the biology honor society. He had summer employment with the Des Moines Health Department. His supervisor reported defendant had merited his promotion to crew foreman and was a responsible and dependable employee who had an ability to meet the public and handle difficult situations. He manifested a genuine interest in performing a job service.

The Dean of Students at Simpson wrote, "Steve is one of our best students at Simpson. His academic record is above average and he is involved in several worthwhile campus projects. Steve has made an excellent impression on the faculty and administration. * * * I have no question that the lesson * * * has already become deeply engrained in his mind. I have talked to him since the arrest and he clearly admits his mistake."

Similar helpful and positive reports were received from a Chariton businessman and the sheriff of Lucas County.

The pre-sentence investigator found there was no evidence defendant had a drug or alcohol dependency. He recommended,

"Due to defendant's age, his good academic background, his career aspirations and possibilities, his family and community support, his excellent employment record, and his lack of prior involvement with law enforcement authorities, the writer recommends that the Court give serious consideration to granting Steve Grgurich a deferred sentence."

There is not a scintilla of evidence in this record that sentencing defendant to jail was required to "provide maximum opportunity for the rehabilitation of the defendant" or to protect the community from other offenses. § 789A.1(2), The Code. Nowhere in the record does trial court attempt a meaningful analysis of defendant's situation in light of the sentencing criteria found in § 789A.1(2), including consideration of his age, prior record, employment circumstances, family circumstances and nature of the offense committed. See also *State v. Cupples*, 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967). Trial court sought to impress defendant with the fact he had received a "lucky break" from the jury, which in less than three hours (including the noon hour) found the drug sale made by defendant was for an accommodation and not for profit.

On the other hand, failure to accord a deferred sentence in this case will indelibly brand this youth as a convict and jail inmate—a wholly unnecessary and recurring hazard to what could otherwise be a brilliant career.

The promising future of this defendant is an inevitable casualty of our judicial repeal of § 793.18 which commands us to "render such judgment as the district court should have done * * * or reduce the punishment * * *." The hollowness of our present compliance with our mandate to review criminal sentences has been well described in the dissent in *State v. Peckenschneider*, 236 N.W.2d 344, 348 (Iowa 1975), and will not be detailed again here.

The *Peckenschneider* majority attributed our court's growing reluctance to interfere with trial court's discretion to the indeterminate sentence act and specific powers given the parole board. . 236 N.W.2d at 348. Of course, neither of those factors is present in this case to furnish any justification for avoiding our § 793.18 responsibility.

We have all the information which was before the sentencing court. I would modify this holding under the authority of § 793.18, nullifying the conviction and sentence, and, placing defendant on probation for two years, defer judgment pursuant to the provisions of § 789A.1(1), The Code.

RAWLINGS, J., joins in this dissent.