# IN THE COURT OF APPEALS OF IOWA

No. 3-1167 / 13-0586
Filed March 12, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRETT MICHAEL LADEHOFF,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

    A defendant appeals the sentence imposed following his guilty plea, claiming the court abused its discretion. **AFFIRMED.**

    Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Jennifer Miller, County Attorney, and Paul Crawford, Assistant County Attorney, for appellee.

    Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Brett Ladehoff appeals the sentence imposed following his guilty pleas to child endangerment, aggravated assault, and operating while intoxicated. The convictions arose from an incident where Ladehoff, who was driving intoxicated with a child passenger, pursued another vehicle and lost control of his car, flipping it several times and ending up in a ditch. The court sentenced Ladehoff to a suspended five-year prison sentence and supervised probation on the child-endangerment charge, 180 days in jail on the aggravated-assault charge, and 180 days in jail on the operating-while-intoxicated charge. The operating-while-intoxicated sentence was ordered to run consecutively to the aggravated-assault sentence. The court ordered Ladehoff to pay attorney fees, fines, and surcharges. The court granted him work-release privileges.

On appeal Ladehoff claims the court abused its discretion in sentencing him as the presentence investigation report (PSI) recommended he receive suspended sentences and be placed on probation due to his limited criminal history, his stable living arrangement, and his employment. He also points out an assessment found him to be at a low risk to reoffend, he completed substance abuse treatment, and he was enrolled in the drinking driver's school. Ladehoff requests his sentences be vacated and the case remanded for resentencing.

When, as here, the sentences imposed are within the statutory limits, the sentences have a strong presumption in their favor and will be overturned only upon a finding the district court abused its discretion or considered an improper sentencing factor. *See State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013).

Ladehoff does not allege the court relied on an improper sentencing factor but only asserts the court abused its discretion by rejecting the PSI sentencing recommendation. After our review of the record, we find no abuse of discretion.

The court considered the PSI report and rejected its recommendation, finding the "report was not necessarily made with all of the background information that is usually given." The report did not include any victim impact statements, and the statements Ladehoff made in the report indicated to the court that "Ladehoff was attempting to deflect blame onto others, specifically the passenger, Mr. Hatch, who was to blame for, I guess, encouraging the chase involving the other vehicle or being the cause of it." The court also noted Ladehoff blamed the other vehicle for striking his vehicle first, contrary to the minutes of testimony, and blamed the child's parents for letting the child ride with him that night.

At the sentencing hearing, the court received several victim impact statements into the record and also heard testimony from two of the victims. The court noted Ladehoff did not have a criminal history but also noted Ladehoff had a series of traffic-related offenses, causing the court to be concerned that Ladehoff believed the rules of the road do not apply to him. Particularly concerning to the sentencing court was the fact Ladehoff had several opportunities during the incident to think twice about what he was doing and to prevent it from happening. Ladehoff instead chose to chase a car full of teenagers with a young child as his passenger. The minutes of testimony

indicated during the chase, Ladehoff even told the child to put his seatbelt on because they were "going for a ride."

The recommendation contained within a PSI is not binding on the sentencing court. *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). Here, the sentencing court considered and disregarded the PSI recommendation for clear and cogent reasons. We find no abuse of discretion and affirm Ladehoff's convictions.

**AFFIRMED.**