# IN THE COURT OF APPEALS OF IOWA

No. 17-0425
Filed September 13, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES DAVID DOLAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson,

Judge.

A domestic-abuse defendant challenges his 180-day jail sentence.
**AFFIRMED.**

Dennis D. Jasper, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

James Dolan appeals his jail sentence for domestic-abuse assault while displaying a dangerous weapon. The district court imposed a one-year term, suspending all but 180 days. Dolan asserts the court relied on improper factors and abused its discretion in deciding on the sentence. Because the record contradicts Dolan's assertions, we affirm his sentence.

## I.      Facts and Prior Proceedings

Dolan's former girlfriend summarized the facts of the assault in her victim impact statement:

> I thought the night of March 5th, 2016, would be a night to hang out with . . . friends. James turned this evening into a nightmare that I can never forget. The threat he made against my life was traumatic. I had never felt so unsafe. I was driving and had seen James'[s] car parked on the side of the road. I noticed he had pulled up behind me and blocked me in the driveway, so there was no way I could back out. I was trapped. He quickly got out of his car, and in my rearview mirror I noticed his daughter . . . was in the back seat. He forcefully opened my car door, and he was holding a knife. He said to me, "This is how easy it is for me to find you and hurt you."

The State charged Dolan with domestic-abuse assault with a dangerous weapon, in violation of Iowa Code section 708.2A(2)(c) (2016). He was convicted of that aggravated misdemeanor following a bench trial.

The presentence investigation (PSI) report recommended probation.[1] The defense endorsed that recommendation at the sentencing hearing. The State suggested Dolan serve 240 days in jail with all but thirty days suspended.

---

[1] The PSI also discussed Dolan's "problematic" history of alcohol consumption, including two convictions for operating while intoxicated and a 2014 conviction for public intoxication. The report noted a need for Dolan to undergo a substance-abuse evaluation and follow through with any recommended treatment.

In discussing the sentence with Dolan, the district court listed "several troubling things" about the case, namely, Dolan's criminal record, his use of a knife during the assault, the purposeful nature of his contact with the victim,[2] his decision to commit the assault while his seven-year-old daughter waited in his car, and his efforts "to get two of the State's witnesses to not come in and testify."

The district court rejected the sentencing options urged by the PSI investigator and the prosecutor:

> With all due respect to the State's recommendation, that's not a sufficient penalty in this case given the factors that I've recited here. I've taken a look at your [PSI], I've reviewed what's available to me in terms of community resources in an attempt to determine what the appropriate rehabilitative plan for you would be. I also have to keep in mind that the public needs to be protected.

Considering those goals, the district court decided the jail-based treatment program would be the preferable placement for Dolan. The court ordered Dolan to serve a one-year jail term with all but 180 days suspended. Dolan challenges only his sentence on appeal.

## II.     Scope and Standard of Review

We review sentencing decisions for legal error. *See* Iowa R. App. P. 6.907. We will not vacate Dolan's sentence unless he is able to demonstrate an abuse of the district court's discretion or a defect in the sentencing procedure, such as the consideration of impermissible factors. *See State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014). The district court abuses its sentencing

---

[2] The court stated:
   [I]t's not like you just ran into [the victim] on the street somewhere, but it appears you laid in wait for her, and you kind of blocked her car in or at least pull in behind her, kind of trapped her in the driveway, and then approached the vehicle with a weapon drawn and make a threat.

discretion when it rests its decision on clearly untenable grounds. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Grounds are "untenable" when not supported by substantial evidence or when based on an erroneous application of the law. *Id.*

### III.    Analysis of Sentencing Claims

Dolan alleges that when imposing the 180-day jail sentence, the district court "incorrectly considered" several factors, including: (1) the presence of Dolan's daughter at the crime scene; (2) the fact Dolan "laid in wait" for the assault victim; (3) his use of a knife, when displaying a dangerous weapon was an element of the offense; (4) "unsubstantiated statements" that Dolan tried to stop two witnesses from testifying; (5) assault and alcohol-related offenses Dolan committed ten or more years ago; and (6) the availability of substance-abuse and batterers-education programs in jail.

None of these considerations was impermissible. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("We will not draw an inference of improper sentencing considerations which are not apparent from the record."). The district court is allowed—in fact, is expected—to consider the attending circumstances of a crime when imposing a sentence. *See State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967). Dolan's willingness to expose his young daughter to the planned, armed assault on his former girlfriend and his later efforts to discourage witnesses from coming forward, were facts supported by the record and fair concerns when deciding the appropriate punishment. Here, the district court weighed all of the pertinent sentencing factors, including Dolan's prior convictions, his family circumstances, his substance-abuse history, and the

treatment options available in the community and the correctional system, as well as the nature of the offense committed. *See* Iowa Code § 907.5(1).

Dolan also contends the district court abused its discretion in not adopting the PSI report's recommendation for probation. But a PSI recommendation is not binding on the sentencing court. *See State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). The district court offered a tenable justification for the length of the jail term, emphasizing public safety along with Dolan's need for classes on substance abuse and domestic violence. *See* Iowa Code § 901.5 (stating an appropriate sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others"). The record reveals a proper exercise of sentencing discretion.

**AFFIRMED.**