# IN THE COURT OF APPEALS OF IOWA

No. 20-0845
Filed March 17, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GASTON KEAHNA, III,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

A defendant appeals his sentence for possession of a controlled substance,

third offense. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Gaston Keahna pleaded guilty to possession of a controlled substance, third offense. He admitted holding a baggie of methamphetamine when officers arrested him for violating probation on a domestic-abuse assault charge. The district court imposed a prison term not to exceed five years. Keahna claims the court should have suspended his sentence and placed him on probation. Finding no abuse of discretion, we affirm his prison sentence.

The State charged Keahna with possession of a controlled substance, third or subsequent offense, and as a habitual offender, in violation of Iowa Code sections 124.401(5), 902.8, and 902.9(1)(c) (2019). In a negotiated plea, the State agreed to dismiss the habitual-offender enhancement and recommend that any term be concurrent to his sentence in a pending domestic-abuse assault case. In February 2020, Keahna entered his guilty plea, acknowledging his responsibility for the prior offenses. In May, he appeared for sentencing on both this offense and the assault conviction. The court sentenced him to an indeterminate five-year term of imprisonment, as well as a $750 fine plus surcharge. The court suspended the fine and surcharge. The court ordered the prison term to run concurrently with the two-year sentence imposed in the assault case.[1] Keahna now appeals.[2]

---

[1] Keahna also appealed his sentence for the domestic-abuse assault. *See State v. Keahna*, AGCR338080, Sup. Ct. No. 20-0857. Keahna moved to consolidate those appeals before briefing. The State resisted, arguing it did not know what issues Keahna would raise. The supreme court denied the motion to consolidate.
[2] Under Iowa Code section 814.6 (2020), defendants cannot appeal a conviction following a guilty plea (other than class "A" felonies) without good cause. Good cause exists when a defendant challenges the sentence rather than the plea. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Keahna is challenging his sentence, he has good cause to appeal.

We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will reverse a sentence only if we find the district court abused its discretion in choosing the punishment or allowed a defect into the sentencing procedure. *Damme*, 944 N.W.2d at 103. It is not our job to "second guess" the sentencing court's decision. *Id.* at 106. Instead, we check to see if the court reached its decision for clearly untenable reasons or on unreasonable grounds. *Id.*

To start, Keahna does not argue the district court imposed a sentence outside statutory limits. Thus, the sentencing decision "is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. Nor does Keahna contend the court considered improper factors. Indeed, he acknowledged the court considered his age, his prior convictions, his mental-health and substance-abuse history, available treatment options, and the nature of the offense.

Rather, Keahna's only claim is that the court should have "placed [him] on probation and ordered [him] to participate in treatment and counseling." In his view, either outpatient or residential treatment would have provided the structure he needed "without the additional expense incurred by incarcerating [him]." He emphasizes that the presentence investigation (PSI) report recommended a suspended sentence and probation under the supervision of the Fifth Judicial District, Department of Correctional Services.

But as the State points out, "sentencing recommendations contained in the PSI are not binding on the court." *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019) (citing *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977)). Weighing against the PSI report's recommendation for probation was Keahna's lengthy

criminal history, including four prior drug convictions. Beyond his rap sheet, the record showed Keahna needed assistance with his substance-abuse issues. The prosecutor noted at sentencing that "[the State] had an arrangement for Mr. Keahna to go to the Salvation Army" but he "either left voluntarily or otherwise chose not to participate" in that rehabilitation program. Defense counsel did not dispute that characterization, but asserted if Keahna "were to be given another opportunity to get into a long-term structured program, he could be successful."

The court reasonably rejected the defense assertion. When choosing between prison and probation, a sentencing court must select the option that best balances a defendant's opportunity for rehabilitation and the community's protection. *See Damme*, 944 N.W.2d at 106 (citing Iowa Code § 901.5). The sentence here strikes that balance. Keahna cannot show an abuse of discretion.

**AFFIRMED.**