# IN THE COURT OF APPEALS OF IOWA

No. 21-0799
Filed February 16, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL STEVEN PROFFITT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant appeals his sentences for felony stalking. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

Michael Proffitt pleaded guilty to two counts of felony stalking. The district court sentenced him to a prison term of up to five years on each count, to be served concurrently. On appeal, he argues that the district court should have granted him probation. But given Proffitt's criminal history and the pervasive nature of his acts, the court exercised proper discretion by imposing incarceration. We affirm.

## I.  Facts and Prior Proceedings

Proffitt was in a ten-year relationship and had a child with A.P. When the relationship ended in August 2020, A.P. sought a civil protective order. Proffitt was arrested twice and found in contempt of court for violating that order. Proffitt used thirty-five different cell phone numbers to contact A.P. over four days, which prompted his first arrest. Undeterred, Proffitt called A.P. over thirty times each day, sent emails from different accounts, and tried to add A.P. to Life360, a location sharing application that would have allowed Proffitt to track A.P.'s whereabouts. Proffitt escalated to physically following A.P., texting that he could see her while she shopped at Walmart. Those acts prompted his second arrest. A.P. feared for her safety. The State charged Proffitt with two counts of stalking while subject to a protective order, a class "D" felony, in violation of Iowa Code section 708.11 (2021). Proffitt pleaded guilty to both counts.

At sentencing, Proffitt asked for a suspended sentence—the recommendation in the presentencing investigation (PSI) report. Proffitt then apologized for his actions and testified about his plans if released from custody. Should he receive probation, he agreed to wear an ankle bracelet to monitor his compliance with any restrictions. Countering, the State read A.P.'s victim impact

statement into the record. The State argued that probation was not appropriate because Proffitt's conduct continued to escalate despite a no-contact order. In fact, he continued the unwanted contact after being arrested. And as such, the State requested that Proffitt be incarcerated.

The court considered many factors in determining the proper sentence. Prime among them was Proffitt's criminal history. In particular, the court noted Proffitt had received a deferred judgment for possession of a controlled substance, which was revoked. The court also emphasized the "pervasive" and "ongoing" nature of Proffitt's actions and their harm to the victim. Against those circumstances, the court weighed Proffitt's attitude toward rehabilitation. The court determined that probation would not be enough to deter future violations and sentenced Proffitt to two five-year indeterminate sentences, to be served concurrently. After issuing the sentences, the district court advised Proffitt of the possibility of an appeal. Proffitt now appeals his sentence.[1]

## II.    Scope and Standards of Review

Proffitt requests a de novo standard of review. But we review his sentencing claims for abuse of discretion. *See State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). Abuse occurs only when the court "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Sentencing decisions have a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

---

[1] Proffitt also claims that the district court misadvised him that he must ask permission to appeal. We need not address the propriety of that advisory because Proffitt timely appealed his sentence and has good cause to do so under *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

### III. Analysis

Proffitt challenges his sentence by arguing the court improperly focused on the protection of the community at the expense of his rehabilitation. Countering, the State points out that the district court explained its decision at length and contemplated the circumstances in depth. And some factors the court highlighted did relate to Proffitt's rehabilitation.

A sentence should provide the "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community." Iowa Code § 901.5. To that end, the sentencing court must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d).

While the PSI report recommended probation, that recommendation was not binding. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019) (citing *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977)). The court considered the findings and factors in the PSI report and used it as a guide for its sentencing decision. True, the court addressed protection of the community, especially A.P. But the court also considered Proffitt's likelihood of rehabilitation outside of incarceration. The court was concerned about Proffitt's criminal history and, more importantly, that he had not succeeded on probation when granted a deferred judgment. The court also doubted Proffitt's resolve to reform his behavior, noting that he was encouraged over and over, by A.P., probation officers, and the court, to obey the protective order but to "no avail." As the court observed, that encouragement had "kind of fallen on deaf ears." The court reasonably concluded that "out in the community" Proffitt continued to pose a threat to A.P.'s safety.

Our role is not to second guess the sentence imposed. *See Damme*, 944 N.W.2d at 106. Our role is narrower—to consider whether the district court stepped outside the bounds of its discretion. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The court did not overstep in sentencing Proffitt. The sentence imposed was within the statutory range. The court had the discretion to give weight to the "protection of the community." *See Wright*, 340 N.W.2d at 593. The court tailored the sentence to Proffitt's incorrigible violations of the no-contact order. We find no abuse of discretion in the court's order for incarceration.

**AFFIRMED.**