# IN THE COURT OF APPEALS OF IOWA

No. 22-0424
Filed December 21, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RENEE ALICE KIMBROUGH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Henry County, Wyatt Peterson, Judge.

Renee Kimbrough appeals her sentence for operating while intoxicated, second offense. **AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Renee Kimbrough appeals the prison sentence imposed for her sixth operating-while-intoxicated (OWI) offense. The offense was originally charged as OWI, third offense, a class "D" felony, but the parties reached a plea agreement. In return for the State reducing the charge to OWI, second offense, an aggravated misdemeanor, and dismissing a separate charge, Kimbrough pleaded guilty to the amended charge.

At sentencing, Kimbrough and the State both argued for some combination of jail time and suspended jail time. The district court chose not to follow either recommendation and imposed the maximum period of incarceration, an indeterminate term not to exceed two years to be served in prison.

Kimbrough appeals. She contends the State breached the plea agreement by not adequately advocating for a suspended sentence and the district court abused its discretion by sending her to prison instead of placing her on probation.

**I.      Jurisdiction and Standard of Review**

A defendant, such as Kimbrough, who pleads guilty to an offense other than a class "A" felony is prohibited from appealing unless the defendant can establish good cause. *See* Iowa Code § 814.6(1)(a)(3) (2022). As Kimbrough alleges breach of the plea agreement and challenges the sentence imposed, she has good cause to appeal. *See State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (holding that an appeal claiming the prosecutor breached the plea agreement with respect to a sentencing recommendation is a challenge to the sentence imposed, rather than to the plea itself, and constitutes good cause under section 814.6(1)(a)(3)); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause

exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

We review criminal sentencing decisions for correction of errors at law. *Davis*, 971 N.W.2d at 553. Unless there is an abuse of discretion or a defect in the sentencing procedure, we do not reverse a sentence. *Id.*

## II. Analysis

As noted, Kimbrough raises two issues, which we address in turn.

### A. Breach of the Plea Agreement

Kimbrough asserts the prosecutor breached the plea agreement by failing to "strongly advocate for the recommended plea agreement sentence." Plea agreements are essentially contracts. *Id.* at 556. A prosecutor's violation of "'the terms or spirit of a plea agreement' require[s] reversal of the conviction or vacation of the sentence." *Id.* (citation omitted). To assess Kimbrough's claim, we must first determine the terms of the agreement. The terms are spelled out in Kimbrough's written guilty plea, which she and her attorney signed:

> 2. The plea of guilty conforms with an agreement with the attorney for the State. This agreement in its totality is :
>
> Plead to OWI 2nd, parties agree to argue sentencing Count II, Driving on wrong side of road + open container dismissed at Defendant's costs
>
> ☐ I request a deferred judgment. ☒ Sentencing hearing required.
> ☐ Victim approves agreement. No in-court sentencing required. ☒_____ (Assistant County Attorney initials)
> ☐ No Contact Order continues for _____ years.
>
> 2

As shown, the plea agreement as articulated by Kimbrough and her attorney called for the parties to "argue sentencing," which we take to mean an open sentencing at which each party could argue for any sentence the party deems appropriate.

The fact that the plea agreement left the parties free to "argue sentencing" is confirmed by the State's plea proposal attached to Kimbrough's written guilty plea.

As the terms of the plea agreement called for open sentencing, the State was not obligated to make any particular sentencing proposal. Therefore, regardless of what sentence the State proposed, or how zealously the State argued for it, there was no breach of the plea agreement. Although it is a moot point given the agreement for open sentencing, we note that the State recommended a sentence of one hundred eighty days in jail with all but thirty days suspended—a much lighter sentencing recommendation than the State could have made given its freedom to argue for any sentence.

There was no breach of the plea agreement. Therefore, Kimbrough's challenge on this basis fails.

### B. Sentencing Discretion

Kimbrough also argues the district court abused its discretion in imposing a two-year prison sentence by not adequately considering and weighing the recommendation of the presentence investigator, Kimbrough's substance-abuse struggles, and mitigating factors. A sentencing decision is cloaked with a strong presumption in its favor. *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018). The defendant has the burden of showing that the district court abused its discretion. *Id.* Here, there is no claim that the sentence is not within statutory limits, so the sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (citing *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983)).

To the extent Kimbrough is claiming abuse of discretion because the district court did not follow the recommendation of the presentence investigator, we reject the claim, as the court has no obligation to follow such a recommendation. *See State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). As to her remaining claims, the district court considered proper factors and appropriately weighed them. The court expressly considered the sentencing recommendations of the parties and the recommendation of the presentence investigator. The court also specifically considered Kimbrough's education; employment history; substance-abuse issues and needs; mental and physical health; the circumstances surrounding the offense; and criminal history. All of these are proper factors to consider, and Kimbrough does not claim otherwise. In considering those factors, the court commented on how some were positives and some were negatives for Kimbrough. As such, we find no abuse of discretion in the court's sentence.

## III. Conclusion

As the State did not breach the plea agreement that called for open sentencing and the district court considered and weighed proper factors, we affirm the district court's sentencing decision.

**AFFIRMED.**