# IN THE COURT OF APPEALS OF IOWA

No. 22-0616
Filed February 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACK FREEMAN PURSCELL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

        A defendant appeals his sentence.  **AFFIRMED.**

        Nicholas Einwalter, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.

        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

Jack Purscell pleaded guilty to one count of lascivious acts with a child. The district court sentenced him to a term of incarceration not to exceed ten years. On appeal, he claims the court abused its discretion in not granting probation as recommended by the presentence investigation (PSI) report. Because the court weighed permissible factors, including the victim's age, Purscell's age, and his best chance at rehabilitation, we find a proper exercise of discretion and affirm.

## I.     Facts and Prior Proceedings

In 2020, Purscell's wife ran a daycare out of their shared home. A three-year-old girl attending the daycare began acting strangely. Shortly after her strange behavior began, she reported to a therapist and a forensic interviewer that Purscell had touched her bare vagina with his fingers while alone with her in the bathroom.

The State charged Purscell with one count of sexual abuse in the second degree. Under an agreement with the State, Purscell pleaded guilty[1] to lascivious acts with a child. At sentencing, Purscell asked the court to follow the PSI recommendations and grant him supervised probation. On the other side, the State asked the court to impose the maximum term of incarceration to ensure Purscell would have a better chance of successful rehabilitation.

The court considered both parties' positions, along with the PSI recommendation and the mother's victim impact statement. The victim's mother

---

[1] Purscell entered an *Alford* plea in which he maintained his innocence but acknowledged strong evidence of his guilt. *See North Carolina v. Alford*, 400 U.S. 25, 38 (1970).

explained how the crime "caused so much fear and mistrust in the home," and how the child has anger and fears that are not subsiding despite the abuse occurring two years before the hearing. Persuaded by the victim impact statement, the court denied probation: "The court agrees with the State and with the mother of the child that the impact upon the child is going to be a lifetime sentence because this does, that I've seen, create a trauma that is very hard to cope with."

Purscell appeals his sentence and "bears the burden of establishing 'good cause' to pursue an appeal of [his] conviction based on a guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). Good cause exists when a defendant appeals the sentence rather than a guilty plea. *Id.* at 105.

## II.    Standard of Review

We review the sentencing procedure for abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2014). We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable . . . ." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). We afford a strong presumption to the district court's sentencing decision. *State v. Papas*, 337 N.W.2d 490, 494 (Iowa 1983). Purscell bears the burden of overcoming this presumption. *See id.*

## III.   Analysis

The sentencing court must weigh all pertinent information and impose a sentence that "will provide maximum opportunity for the rehabilitation of the defendant and for the protection of the community[.]" Iowa Code § 901.5 (2020). In doing so, the court should consider "the nature of the offense, the attending

circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Purscell contends that the sentencing court did not give enough weight to the mitigating factors in rejecting supervised probation. He points to his age of sixty-seven, his limited criminal history, the lack of substance or alcohol abuse, and his ability to complete sex offender treatment in the community. Beyond those factors, Purscell highlights his health concerns; he needs a walker, has high blood pressure, chronic obstructive pulmonary disease and glaucoma. For those reasons, Purscell believes the court abused its discretion in sending him to prison.

We are not persuaded. The sentencing court did consider the necessary factors including Purscell's age, his retirement and family circumstances, the nature of the offense, and the PSI report and victim impact statement. *See* Iowa Code § 907.5. But the court did not view Purscell's age as a mitigating factor. "[T]he fact of the age of defendant, that this occurred at his age, I think is important." The court looked at the circumstances of the offense, the trust placed in a daycare to keep a child safe, and how Purscell broke that trust. The court emphasized that while incarcerated Purscell will be able to receive sex offender treatment without distractions, so the treatment can "get his full attention."

While the PSI report recommended supervised probation instead of prison, "such recommendation was not binding on the court." *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). The court did not abuse its discretion in determining that a prison sentence was the "maximum opportunity for rehabilitation." Iowa Code § 901.5. Thus, resentencing is unnecessary.

**AFFIRMED.**