# IN THE COURT OF APPEALS OF IOWA

No. 24-0606
Filed April 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BILLY RAY BISHOP,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, Judge.

A defendant challenges his prison sentence. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

After pleading guilty to possession of marijuana, third offense, Billy Bishop asked the district court to suspend his indeterminate five-year prison sentence. The court declined, finding that incarceration was the "appropriate rehabilitative plan" for Bishop and the better choice to protect the public. On appeal, Bishop contends that sentence was an abuse of discretion. Finding the district court properly weighed its sentencing options, we affirm.

Bishop's sentence stemmed from a traffic stop in July 2023. He was a passenger in a car pulled over for running a stop sign. The car reeked of marijuana. When the Clinton patrol officer asked Bishop to step out of the car, marijuana fell from his lap onto the floorboard. The State charged Bishop with third-offense possession of marijuana, a class "D" felony in violation of Iowa Code sections 124.401(5), 902.8, and 902.9 (2023). Bishop pleaded guilty as charged, and the State agreed not to seek the habitual offender enhancement.

The presentence investigation (PSI) showed that Bishop had a two-decade criminal history including theft, burglary, domestic abuse, and drug convictions. He also had previous substance-abuse treatment both in the community and in prison. Bishop told the PSI report author: "I know I have a drug problem if what they say is true." The PSI report recommended probation.

At sentencing, the State recommended incarceration, noting:

> [T]his is a third offense subsequent possession case. Our particular issue is, you look at the criminal history, we have twenty years of criminal activity with a horrible record of probation. There is voluntary absences, probation revocations repeatedly throughout his history, so this is not someone who has been law-abiding. This is not someone who has been abiding of probation terms.

The State added that Bishop failed to appear for the first scheduled sentencing hearing in this case "so nothing has changed in his behavior."

By contrast, Bishop urged the court to follow the PSI recommendation. Defense counsel attributed Bishop's criminality to his addiction: "[I]t is quite evident that it's based upon a longstanding drug problem that Billy has tried to deal with and has successfully dealt with at some points in his life and at some points he has not dealt successfully with it." And counsel rationalized his client's failure to appear: "He did not show up for his sentencing initially because of his drug problem, and I think that that's simply a symptom of that."

In his allocution, Bishop told the court that he aspired to be a drug counselor: "I have a lot of experience with addiction and a lot of failure throughout life that I feel like a lot of people can really benefit from." He asked the court to sentence him to a "long-term psych ward," saying: "I need the hospital environment, not a jail cell with criminal thinkers."

The sentencing court responded to Bishop's allocution: "I appreciate what you're saying, Mr. Bishop. It is good to have goals, but you can't reach those high goals that you want to set until you first deal with the most basic goal, the most basic of which is showing up for court, which you failed to do." Bishop interjected, saying that on the first sentencing date, he was "stinky" and "dirty" and didn't want the court to see him in that condition. The court seized on that information, stating that probation was inappropriate because Bishop was unable to attend to his "most basic needs." The court explained: "Probation has a lot of requirements. You've been given that opportunity before, and you, frankly, have just really struggled even figuring out how to address your addiction and maintain long-term sobriety."

The court reviewed its duty "to determine the appropriate rehabilitative plan" and "to consider the public must be protected." The court then told Bishop that it had considered the seriousness of the crime, its effect on the community, his willingness to accept change and treatment, and the information contained in the PSI report. As its bottom line, the court rejected Bishop's request for probation and imposed a prison sentence.

On appeal, Bishop reiterates his view that "drug use was the root of all his problems." He insists that he needs "a structured medical environment, not a prison." Bishop contends the sentencing court should have adopted the PSI recommendation for probation. We review his claim for abuse of discretion.[1] *See State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (noting a decision to impose a sentence that falls within statutory limits carries a strong presumption in its favor).

First off, PSI recommendations do not bind the sentencing court. *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). What's more, "our task on appeal is not to second guess the decision made by the district court." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Instead, we only decide whether the sentence was unreasonable or based on untenable grounds. *Id.* Within those narrow confines, we find no abuse of discretion. It was reasonable for the district court to impose a prison sentence given Bishop's prior lack of success on probation.

**AFFIRMED.**

---

[1] We have jurisdiction to consider his appeal because Bishop is challenging his discretionary sentence rather than his guilty plea. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022).