**IN THE COURT OF APPEALS OF IOWA**

No. 23-1908
Filed May 7, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADOLFO OROZCO Jr.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Tabitha Turner, Judge.


        A defendant challenges his sentence of incarceration.  **AFFIRMED.**


        Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

Adolfo Orozco Jr. appeals his sentence after pleading guilty to operating while intoxicated (OWI). He argues the sentencing court abused its discretion because (1) the presentence investigation (PSI) report reflected a fixed policy in its sentencing recommendation, (2) the court "fixated" on his prior vehicle accidents, and (3) the court should have ordered probation rather than incarceration.[1] Finding no abuse of discretion, we affirm.

## I.    Facts and Prior Proceedings

Orozco admitted he was "driving too fast" on a West Des Moines road when he strayed onto the gravel shoulder then veered back onto the asphalt, crossing the center yellow line and striking an oncoming vehicle. After law enforcement conducted a blood test detecting an unlawful concentration of alcohol, the State charged him with OWI, third offense, a class "D" felony, in violation of Iowa Code section 321J.2 (2023). At the time, he was on probation for second-offense OWI, which was his third lifetime conviction.

Orozco pleaded guilty and, at sentencing, his counsel argued for a suspended jail sentence and probation. Counsel highlighted Orozco's voluntary completion of residential substance-use treatment, his ongoing engagement in outpatient treatment and Alcoholics Anonymous, his good work prospects, and his strong family support system. Speaking for himself, Orozco was optimistic about his recovery, explaining what he had learned in treatment, his motivation to be a good father to his two children, and his plans for remaining sober.

---

[1] Orozco established good cause to appeal following his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020).

By contrast, the State recommended five years imprisonment and emphasized his history of OWI convictions. The prosecutor pointed out that Orozco received probation for his first OWI, a hit-and-run, in 2014. And a few years later, Orozco again received probation for his second OWI conviction. Then in 2022, he was charged with OWI, third offense, in another collision but pleaded down to OWI, second offense. Then, while again on probation, Orozco drove while intoxicated and caused this third collision. The prosecutor expressed concern that, despite repeated opportunities, Orozco "continued to show a disregard for others" by driving while intoxicated and "continuously put[ing] other people at risk." The PSI author confessed her "recommendation in this case [wa]s difficult," but ultimately suggested a prison sentence. That recommendation was in part based on Orozco admitting to continued use of marijuana while in treatment.

The court agreed it was "a tough decision" and commended Orozco for completing treatment. But citing the twin needs for his rehabilitation and community safety, it imposed an indeterminate five-year prison sentence. The court emphasized Orozco's "pattern of behavior" in having "caused accidents" despite multiple convictions and its "paramount" concern of protecting the public. The court stressed that "my default for 'D' felonies is not prison, it is not something I default to." As for Orozco's substance-use treatment, the court cited the PSI report saying he would be eligible to continue a program in prison. Orozco appeals.

## II. Standard of Review

We review sentencing decisions for the correction of legal error. *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024). If a sentence falls within statutory

limits, we will not overturn it unless the district court abused its discretion or considered inappropriate matters. *Id.* We will find an abuse of discretion only if the court's reasoning was clearly untenable or unreasonable. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Iowa courts enjoy broad discretion to rely on information presented at sentencing. *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019).

### III. Discussion

Orozco raises three challenges. First, he contends the recommendation in the PSI report was based on a fixed policy for OWI sentencing.[2] Second, he asserts the district court improperly focused on the fact that his impaired driving caused collisions. Third, he argues the court abused its discretion by imposing incarceration rather than probation.

A sentencing court must weigh all the relevant factors and announce a sentence that is specific to the convicted individual. *State v. Blair*, No. 23-1455, 2024 WL 3518287, at *2 (Iowa Ct. App. July 24, 2024) (citing *Formaro*, 638 N.W.2d at 725). So a court may not establish a fixed policy to govern in every case presenting a certain set of facts. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). Extending that principle, Orozco argues it is also problematic for PSI preparers to urge an outcome based on a predetermined parameter.

But Orozco cites no authority that PSI authors are held to the same standard as sentencing courts. And we find none. Yet even if we were to accept his

---

[2] The State disputes Orozco's preservation of error on this point, but we will assume without deciding that error was preserved. *See State v. Carson*, 968 N.W.2d 922, 927 (Iowa Ct. App. 2021).

premise, his contention fails. At sentencing, Orozco presented a transcript from a different case, where the same PSI author testified she couldn't recall ever recommending probation for third-offense OWI. That testimony, according to Orozco, revealed a "set disposition." We disagree. A review of the PSI report shows the author found the case difficult to assess and *did* consider recommending probation. While not obligated to accept the PSI recommendation, *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977), the court noted its own difficulty in reaching a decision and stated that it did not regard prison as a "default" for class "D" felony convictions. So neither the PSI author nor the court applied a fixed policy to Orozco's situation.

As his second challenge, Orozco contends the court focused only on the occurrence of his prior collisions, even though the record from his OWI convictions did not show that he injured anyone or the extent of the damage. Granted, a sentencing court abuses its discretion by considering only a single factor. *See State v. Lacey*, 968 N.W.2d 792, 810 (Iowa 2021). But criminal history is a proper consideration when picking the appropriate sentence. *See* Iowa Code §§ 901.3, .5; 907.5; *see also Headley*, 926 N.W.2d at 550–51.

And the court weighed many factors beyond Orozco's repeated convictions, including his laudable efforts toward sobriety, his age, his failed efforts at rehabilitation while on probation, the need to protect the public from repetitions of his conduct, and the availability of substance-use treatment options in prison. From that list, the court gave the most weight to public safety: "[T]o me right now, that's paramount." Balancing the relevant factors to determine an appropriate sentence is inherent in the court's duty to exercise discretion. *See State v. Wright*,

340 N.W.2d 590, 593 (Iowa 1983).  The court did not place undue emphasis on any one factor.  *See State v. McCalley*, 972 N.W.2d 672, 678 (Iowa 2022) ("It was not unreasonable for the district court to conclude that imposing probation or fines instead of jail time would not deter McCalley from driving illegally or rehabilitate her because she has proven as much in the past.").

Finally, Orozco urges the prison sentence "will only serve to punish someone that has a very real disease and addiction."  But "our task on appeal is not to second guess the decision made by the district court." *Formaro*, 638 N.W.2d at 725.  Instead, we limit our review to whether the sentence was unreasonable or based on untenable grounds.  The sentencing court thoroughly considered Orozco's substance-use history and his efforts to maintain sobriety along with the opportunities for continuing treatment in prison.  Finding no abuse of discretion in the court's reasoning, we affirm the sentence.

**AFFIRMED.**