# IN THE COURT OF APPEALS OF IOWA

No. 24-1958
Filed November 13, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENTRALL EDWARD BARNES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter,

Judge.

        A defendant appeals his sentence.  **AFFIRMED.**

        Michael H. Johnson of Johnson Law Firm, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney

General, for appellee State.

        Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**AHLERS, Presiding Judge.**

Kentrall Barnes pleaded guilty to operating while intoxicated (OWI), third offense. When he committed the crime, he was on probation for OWI, second offense. As a result, the State sought to revoke his probation in addition to having him sentenced for OWI, third offense.

The district court held a combined sentencing and probation-revocation hearing in the two cases. As to the OWI, third offense, the State recommended imposition of a prison sentence. As to the probation-revocation, the State recommended revocation of probation and imposition of the originally suspended prison sentence. The State recommended that the two sentences run concurrently to each other. In contrast, Barnes requested suspension of the prison sentence for the OWI, third offense, with the requirement that he be placed at a residential facility. Similarly, as to the probation-revocation proceeding, he asked for modification of the conditions of probation to be placed at a residential facility.

The district court declined to follow either party's recommendation. Instead, it imposed the prison sentence for OWI, third offense; revoked probation; and required Barnes to serve the original prison sentence for his OWI, second offense conviction. And it ordered the two sentences to be served consecutively. Barnes filed a motion to reconsider, which the court denied. Barnes appeals in the OWI, third offense, case.[1] He contends the district court abused its discretion by (1) failing to give reasons why it didn't follow either party's recommendation;

---

[1] Because Barnes appeals his sentence, which was neither mandatory nor agreed-to, he has established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2024); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

(2) placing undue emphasis on his criminal history without sufficiently considering mitigating factors; and (3) not giving sufficient weight to or simply ignoring the evidence he presented from his probation officer, who recommended placement at a residential facility. He also contends the district court failed to give adequate reasons for imposing consecutives sentences.[2] We review for abuse of discretion. *Damme*, 944 N.W.2d at 105–06. We address his claims in order.

As to Barnes's complaint about the district court failing to give reasons for not following his or the State's recommendations, the court was not required to explain why it didn't choose a certain sentence. It was only required to give reasons for choosing the sentence it did. *See State v. Smith*, 17 N.W.3d 355, 359 (Iowa 2025). The court did that, stating:

> Mr. Barnes, when the court makes a decision about the proper sentence, I have to take into account several factors. These are the factors I'm considering in your case.
> I consider your age. Your attorney indicated that you are thirty-two years old. So you're an individual who knows the difference between right and wrong and what's expected of mature adults in our community.
> I also consider your family situation and realize you have three children that you want to parent and that you were parenting and assisting with their upbringing.
> I also consider the impact my sentence would have on your current employment as well as future employment.

---

[2] Barnes's brief makes a passing reference to the court considering improper factors when it commented on Barnes being involved in a hit-and-run accident as part of his commission of the offense of OWI, third offense. If this reference was intended to raise an issue of consideration of improper factors, we deem the issue forfeited for failure to cite any authority or make any substantive argument in support of it. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (noting a party forfeits an issue when a party fails to cite authority or make more than a perfunctory argument in support of the issue). Even if the issue was not forfeited, we note that Barnes's written guilty plea agreed that the court could consider the minutes of testimony to find a factual basis for the plea, and the minutes included details about Barnes striking another vehicle and driving off. So that information was available for the court's consideration.

But I need to balance all of that against the need for deterrence, rehabilitation, the nature of the charge, harm to any victim, and your criminal history. Deterrence is just a fancy word for "I want to do something with my sentence that shows you this behavior has to stop." And, unfortunately, I kind of already thought I was doing that with your last OWI where I gave you a pretty severe suspended sentence.

And the history here with your probation, after I thought I was sending you the message that this was for real, is that you kind of didn't take it seriously. We have probation violations that had to be filed multiple times. There's public intox charges. There's positive UAs. There's failure to report for UAs. And then with all of that before it, you get another OWI. And it's a third offense. It's a felony. It isn't just one of your run-of-mill OWIs either. It was a bad one. It was an accident, hit-and-run situation. And you blew a .254. Basically it looks like you're almost, in a way, begging to be revoked and sent to prison. And I don't know what else I can do.

I know we haven't tried the facility, but, frankly, I don't think you're a good candidate for it. You've not been able to cooperate with just formal probation, street probation. And basically did the one thing that we definitely wanted to prevent—was another OWI and put our community members at risk, their property, their safety. So I'm not giving you the facility. I don't think that's appropriate.

In fact, I'm going to run the probation violation revocation consecutive to the OWI. So it's going to be a five-year prison sentence imposed, $3,125 fine, revoke the probation on the other two, and they'll be served consecutively.

This sufficiently explained how the court arrived at its sentencing decision. It also explained why the court did not follow the State's or Barnes's recommendation, even though the court had no obligation to do so. *See id.* (noting that the court is not required to give reasons for rejecting particular sentencing options). So we find no abuse of discretion for failing to adequately explain the reasons for the sentence.

We also find no merit in Barnes's claim that the court placed too much weight on his criminal history and not enough on mitigating factors. The above-quoted statement refutes Barnes's claim. While the court considered Barnes's extensive criminal history—as it was obligated to do, *see* Iowa Code

§ 907.5(1)(b)—it also gave consideration to mitigating factors. Barnes's argument boils down to asking us to weigh the sentencing factors differently than the district court. But that is not our role as an appellate court. Our role is to assess whether the district court abused its discretion in weighing the pertinent factors and arriving at its sentencing decision. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). We find no abuse of that discretion here.

Barnes also claims the court ignored or improperly weighed the testimony of his probation officer recommending that Barnes be placed on probation at a residential facility. We begin by noting that the court has no obligation to address each claimed mitigating factor or the evidence supporting it. *See State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023) (noting the court is "not required to specifically acknowledge each mitigating factor"). But despite not having the obligation to do so, the court did so when it noted that Barnes was not a good candidate for an OWI facility given his history. We also note that the court had no obligation to follow the recommendations of the author of a presentence investigation report (PSI) had one been prepared. *See State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). The same holds true as to the recommendation of an officer of the department of correctional services that is not reduced to writing in a PSI, as happened here. We reject Barnes's claim that the district court abused its discretion by not following Barnes's probation officer's recommendation.

Finally, we address Barnes's claim that the court did not give adequate reasons for imposing consecutive sentences. We agree with Barnes that the court

was obligated to give reasons for imposing consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 273–74 (Iowa 2016). But we disagree with Barnes that the court did not do so. Preliminarily, we agree with the State that when the court said, "In fact, I'm going to run the probation violation revocation consecutive to the OWI," immediately after giving the reasons for the sentence, this was simply the court's way of saying that it was imposing consecutive sentences for the same reasons it had just recited in arriving at imposing a sentence of incarceration. It was permissible for the court to do so. *See id.* at 275 ("Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration."). This principle alone warrants rejecting Barnes's claim. But there is also the principle that "the oral colloquy and the written sentencing order may be combined to determine whether sufficient reasons [for consecutive sentences] have been given." *State v. Luke*, 4 N.W.3d 450, 458 (Iowa 2024). Here, besides the statements made at the sentencing hearing quoted above, the court also issued a written sentencing order. That order included reasons for imposing consecutive sentences that included:

- The nature and circumstances of the crime
- The plea agreement
- Defendant's criminal history
- Defendant's substance use history
- Defendant's propensity for further criminal acts
- Defendant's statement
- Defendant's family circumstances
- Maximum opportunity for rehabilitation
- Defendant's age and character
- Protection of the public from further offenses

These reasons, coupled with the statements made by the court during the sentencing hearing, provided adequate reasons for its decision to impose consecutive sentences.

Having rejected Barnes's challenges to his sentence, we affirm.

**AFFIRMED.**